Dermot Givens
468 N. Camden Dr., ste. 205
Beverly Hills, CA, 90210
(310) 854-8823
dermot@dgivenslaw.com
Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES

DERMOT GIVENS,
        PLAINTIFF,

V.

THE STATE BAR OF CALIFORNIA,
THE STATE OF CALIFORNIA,
AND DOES 1-5,
        DEFENDANTS

) Case No.
) COMPLAINT
)
) CLAIMS FOR THE VIOLATIONS OF THE:
) (1) U.S CONSTITUTION 4TH AMENDMENT
)      - DUE PROCESS
) (2) U.S. CONSTITUTION 6TH AMENDMENT
)      - WITNESS CONFRONTATION
)
) JURY TRIAL DEMANDED

TO THE COURT AND COUNSELS OF RECORD:

I. PARTIES

Plaintiff, DERMOT GIVENS, is an individual.

Defendants, STATE BAR OF CALIFORNIA is a subsidiary of Defendant THE STATE OF CALIFORNIA

Defendant's, DOES 1-5 are unknown at this time.

II. JURISDICTION – Federal Question

Complaint alleges violations of the 4th and 6th Amendments of the U. S. Constitution that provide for original jurisdiction.

III. RELATED CASES

None.

- 1 -
COMPLAINT

## IV. FACTS:

Plaintiff Dermot Givens (Givens) had an attorney-client relationship with Defendant Desmond Holland (Holland) for representations in cases that concluded in years prior to Holland's incarceration and the matters of this incident. After termination of the Givens-Holland attorney client relationship, Holland relied on Givens for non-legal advice and help, including financial help. Desmond Holland was the main and only percipient witness in the State Bar Case against Givens that resulted in disbarment for Givens "taking" funds from Holland.

Holland is an inmate housed in a California State Prison Medical Facility (state prison) for inmates with severe emotional issues. He is taking unknown psychotropic medications that may have impacted his memory, competency as a witness and his capacity to tell the truth. He also may be acting under the influence of others.

Immediately prior to being remanded to state prison Holland was incarcerated in Los Angeles County Jail (jail) while awaiting trial for his sexual assault of minors.

Givens did not have personal access to Holland in the Los Angeles County Jail, as Holland was on suicide watch in the medical facility of the jail. Hollands mental state caused multiple delays in his sentencing by the criminal court.

As the delays mounted and Holland's mental state deteriorated. Holland contacted Givens, after years of no contact, to provide seek emotional support.

Prior to being incarcerated Holland filed a workers compensation case with attorney Sarukhanyan. Attorney Surukhanyan and Givens have no relationship. After his incarceration and prior to his sentencing Holland entered into a workers settlement for the workers compensation claim. The settlement was negotiated by Holland's Sarukhanyan. Holland expected to use the funds to obtain bail. Holland's attorney received the check after Holland had been sentenced and unable to obtain to bail.

Holland testified that he did not have a bank account during the relevant time period.

1 | Holland testified that he directed his attorney, Sarukhanyan, to send the funds to Givens. She
2 | complied with Holland's request.

Holland testified that he and Givens agreed that Givens would hold the settlement funds in trust for him and administer the funds as directed by Holland during the 8 year prison sentence. Holland provided no specifics as to when, where, how or why the agreement occurred.

Givens testified that after Holland was sentenced he was extremely concerned about his safety in going to state prison as a child molester. Givens testified that Holland informed him he had no bank account and no family or friends to help him. Givens testified that he and Holland entered into an agreement to use the settlement funds to pay his past debts to Givens. In being paid in full, Givens agreed to use his contacts to assist Holland in surviving in state prison as a child molester. Givens testified that the agreement was reached in a phone call over the LA County Jail Phone system during the period of time after Holland was sentenced and waiting to be transferred to state prison. Givens received the check from Holland's attorney. The check was made out to Holland and Givens.

Givens testified that he took the check to Los Angeles County Jail – Medical Facility for Holland to endorse and give to Givens per their agreement.

Givens gave the check to a Deputy Sheriff to give to Holland. A Deputy Sheriff took the check to Holland who was housed in the jail medical facility. Holland endorsed the check. Holland gave the check to a Deputy Sheriff. Givens received the check from a Deputy Sheriff. Givens actions while in the jail were video recorded by the jail video system.

Holland testified that he endorseD the check while in LA County Jail.

Givens testified that after Holland was transferred to state prison that he received multiple phone calls from unknown persons demanding money zSfor Holland's safety. Holland testified that he made request for Givens to send money to unknown third parties. Givens refused.

Months later Holland filed a complaint with the State Bar alleging that Givens owed him money from the settlement funds. Holland testified at trial that while he is housed in a male prison he has preferred pronouns of she and her. The State Bar used those pronouns at trial.

Givens alleged that Holland filed the complaint under the influence of a prison gang that was using him for their benefit.

In preparation for trial, Givens sought to depose Holland to inquire about:

- why he endorsed the check and gave it to Givens.
- what medications he was taking at the time he endorsed the check that could impact his mental abilities.
- what medications he was taking when he filed the State Bar complaint that could impact his mental abilities.
- what medications he had taken prior to his testimony at trial that could impact his mental abilities at trial, and
- if he was being subjected to undue influence.

As Holland was in a state prison the California Dept. of Corrections required a court order for taking his deposition. The State Bar Court denied Givens motion for a Court Order for the deposition of Holland.

At trial, Holland testified via video from the California Medical Facility. Holland was in handcuffs and leg shackles and appeared to be a female while testifying. Givens objected to Holland testifying remotely as Holland could be subjected to undue influence of others who were not viewable in the courtroom.

Givens objected to Hollands testimony as the State Bar had not shown that Holland was a competent witness and had not disclosed what psychotropic medications Holland had taken. The disclosure of medications would have allowed for expert testimony. Holland gave a partial listing of medications he thought he was taking.

The State Bar Court limited Givens' cross examination into these areas resulting in Givens being was unable to confront Holland.

The State Bar court sustained State Bar counsel's objections to Givens questioning Holland about what medications he had taken and about the effect of the medications on Holland's mental competency and capacity.

The Court overruled Givens Best Evidence objections to Hollands oral testimony about the agreement he allegedly made with Givens while he was in Los Angeles County Jail as the best evidence was recordings of the communications between Givens and Holland from the jails security systems.

By allowing Holland to testify via video the Court was severely limited it's own ability to assess Holland as a witness.

V. THE STATE BAR VIOLATED GIVENS' DUE PROCESS RIGHTS BY DENYING GIVENS MOTION TO OBTAIN A COURT ORDER TO OBTAIN DISCOVERY FROM HOLLAND, INCLUDING BY DEPOSITION, WHILE HOLLAND WAS IN STATE PRISON.

*where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue* Goldberg v. Kelly, 397 U.S. 254, 270 (1970)

Givens was informed by the California Dept. of Corrections that as he was not attorney of record for Holland a court order was required for a deposition. Givens filed a motion with the State Bar Court to issue an order for Holland's deposition. The State Bar Court denied the motion.

The Courts limiting Givens ability for pretrial discovery denied Givens the ability to have an expert witness opine about Hollands diagnosis, medications and their impact on Hollands ability to tell the truth.

The State Bar Court prevented Givens from being able to obtain evidence in discovery that would have allowed Givens to meet his burden in proving Holland's incompetence as a witness. Thus, Givens due process rights were violated.

## VI. THE STATE BAR VIOLATED GIVENS' DUE PROCESS RIGHTS BY ITS VIOLATION OF THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT IN ALLOWING HOLLAND TO TESTIFY REMOTELY.

*"the prosecutor's need for the video conference testimony to make a case and to expeditiously resolve it are not the type of public policies that are important enough to outweigh the [d]efendants' right to confront their accusers face-to face." United States v. Yates, 438 F.3d 1307*

The State Bar Court overruled Givens objection to Holland's appearance via video. Holland was a material witness and the complainant. The State Bar Court nor State Bar Counsel have viewed Holland in person or in any circumstance that allowed a reasonable person to make a comparative assessment about Holland ability to tell the truth from his presentation of himself over a video call.

The State Bar Court's preventing Givens from inquiring about Holland's alter ego "Sylena" while indulging the witness by addressing the witness as "she" and "her" and then preventing Givens from cross examination about the identity of "she" and "her" violated Givens ability to confront the witness as Desmond Holland. The State Bar Court prevented Givens from obtaining evidence that would document Holland's diagnosis of Schizophrenia while in state prison and allowing for expert testimony.

Thus, the State Bar Court's allowing Holland to appear by vide violated Givens right of confrontation, and thus, the State Bar Court's assessment of Hollands ability to tell the truth based solely on his video appearance at trial violated the Due Process rights of Givens.

## VII. THE STATE BAR VIOLATED GIVENS' DUE PROCESS RIGHTS BY THE STATE BAR COURT NOT FULLY AND INDEPENDENTLY INQUIRING ABOUT HOLLANDS MENTAL HEALTH AND THEN LIMITING GIVENS CROSS EXAMINATION OF HOLLAND THAT WOULD EXPOSE HOLLAND's INABILITY TO TELL THE TRUTH.

*Evidence regarding a witness's mental illness is relevant only when it may reasonably cast doubt on the ability or willingness of a witness to tell the truth. United States v. Robinson, 583 F.3d 1265*

Holland has a long history of mental illness. Holland was housed in the Los Angeles County Jail Psychiatric Medical Section when the agreement for his settlement funds was formed. Holland testified while being housed at the California Medical Facility that is identified on the Dept. of Corrections websites as "This facility provides both outpatient and inpatient mental health services for patients with a serious mental disorder. The licensed Psychiatric Inpatient Program at this facility is designed to provide more intensive treatment for patients who cannot function adequately or stabilize in an outpatient program."

Holland, a male inmate, appeared on video as a female. The State Bar Court did not allow Givens to inquire about Holland's mental health diagnosis and limited Givens ability to inquire about Hollands psychiatric medications. Holland informed the court that his preferred pronouns where "she" and "her". The court addressed Holland using those pronouns but did not inquire as to who "she" and "her" were. The State Bar Court did not allow Givens to cross examine Holland about his schizophrenia and his alter identity as "Selena" that was known to Givens from prior communications with Holland.

Over Givens objections, the State Bar Court allowed Holland to testify and did not allow Givens to use discovery before trial or provide the opportunity at trial to cross examine Holland about his mental state and medications.

The State Bar Court did not require state bar counsel to produce any evidence about the mental competency or capacity of Holland and none was introduced into evidence.

The State Bar Court did not hold a hearing to receive evidence about Hollands mental capacity to tell the truth.

The above actions of the State Bar Court violated the Due Process Clause.

VIII.  THE STATE BAR VIOLATED GIVENS' DUE PROCESS RIGHTS BY ALLOWING STATE BAR COUNSEL TO PRESENT FALSE IDENTIFICATION OF THEIR WITNESS.

*The witness misrepresented his relationship with the defendant's wife as merely that of a friend, countering defendant's claim that he killed his wife in sudden passion when he found her kissing the*

*witness. The witness later recanted and acknowledged that he had been conducting an affair with the wife. The prosecutor confirmed that when he was trying the case he knew of the witness's intimate relationship with the defendant's wife and instructed the witness not to disclose it unless asked directly. Alcorta v. Texas, 355 U.S. 28*

State Bar Counsel provided a witness list that identified a witness as Holland's sister. The State Bar counsel represented that due to the brother sister relationship the witness had relevant and material evidence about the agreement between Holland and Givens.

At trial, State Bar counsel identified the witness as Holland's sister and examined her as such.

On cross examination by Givens, the witness testified that she was not Holland's biological sister.

State Bar counsels false information about the identity of the witness precluded Givens from being able to adequately prepare for trial and of being able to properly rebut the taint of having the state bar counsel knowingly introducing false testimony to the State Bar Court.

The State Bar Court prevented Givens from further inquiring as to the facts of the relationship between the witness and Holland.

Due to the prison schedule, Holland was not available for recall after the "sister" testified in order for inquiry to be made as to the real nature of their relationship, including whether she was a member of the gang exerting undue influence on Holland.

Thus, the Due Process rights of Givens were violated.

PRAYER

Based on all of the above and evidence to be had from discovery Givens prays that the COURT:

- VOID THE DISBARMENT
- ENJOIN STATE BAR FROM ENFORCING DISBAREMENT PENDING REVIEW BY THIS COURT.
- GRANT ALL OTHER RELIEF THE COURT FINDS JUST.

Dated: 3/1/26　　　　By: *[signature]*

Dermot Givens, Pro Per